**In the Matter of the ESTATE OF Marion Francis BERRY, a person disabled and incapacitated, Roy D. Burnside, Conservator/Appellant.**

No. 73793.

Missouri Court of Appeals, Eastern District, Division Five.

April 7, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 4, 1998.

Application for Transfer Denied Aug. 25, 1998.

Roland A. Wegmann, Hillsboro, for appellant.

CHARLES B. BLACKMAR, Senior Judge.

The conservator of the estate of Marion Berry sought permission from the Probate Division of the Circuit Court of St. Francois County to make charitable gifts for the purpose of reducing the incidence of federal estate tax which will be due on her death. The court below denied the application, concluding that it was not authorized by law. The conservator appeals. Although no one appeared in opposition to his appeal, we cannot reverse unless persuaded of legal error. After examining counsel's well prepared brief we conclude that the probate judge correctly decided the case, and affirm.

Marion Berry was adjudicated an incapacitated and disabled person in 1992. Her last known employment had been as a college secretary. A guardian was appointed for her person and a conservator for her property. Her assets at the time of adjudication amounted to slightly less than one million dollars, largely consisting of corporate stock. At the time of the hearing below the value had increased to more than $2,309,000 and, with recent advances in the stock market, the present value is probably significantly higher. The federal estate tax on a net estate of $2,309,000 would amount to approximately $681,000.

Marion Berry is a maiden lady now 96 years old. Her siblings have died without surviving descendants. Her closest known relatives are two second cousins, and possibly a sibling of theirs whose whereabouts are unknown. The two known cousins have filed their consent to the proposed transaction in court but, as merely presumptive next-of-kin, they have no legal status. The conservator has possession of a will in a sealed envelope which he found when he took charge of her property, and there may be another will. The contents of the known will are neither shown in evidence nor known to the conservator.

There is evidence that the ward attended church with some regularity but no evidence that she had a regular pattern of charitable

giving. Her siblings made substantial gifts to charitable and educational causes while they were living but she is not shown to have participated in these gifts.

The conservator seeks permission to make gifts in the amount of $650,750 to charitable causes of a kind in which the ward's siblings had shown some interest. By so doing the federal estate tax would be reduced from $681,000 to $379, 981, a saving of approximately $302,000, and the property available for distribution would be reduced from $1,527,000 to $1,178,310, this being a reduction of approximately $350,000. There would also be substantial savings in federal income tax for as much as five years. The probate judge, in his judgment denying the application, pointed out that the net result would nevertheless be a reduction in the ward's assets and in the property presumptively available for distribution. He also found that, if no action were taken, the estate would not be "substantially depleted" through estate taxes, in the sense of section 475.094 RSMo.1994.

The ward's assets seem amply sufficient to provide for her foreseeable needs, probably out of income without invading the principal.

The conservator relies on the doctrine of "substituted judgment" in asking for the authority to do what the ward could be expected to do if she were competent. The doctrine is described by Donald G. Stubbs, "An Incompetent Making Gifts? The Substituted Judgment Rule," *Journal of the Missouri Bar*, Jan–Feb.1982, p. 15; 4B *Missouri Practice*, p. 98, discussing section 475.094 RSMo 1994. A leading case is *In re Irenee duPont*, 41 Del.Ch. 300, 194 A.2d. 309 (1963). The Stubbs article attaches an unpublished opinion of the United States District Court for the Eastern District of Missouri, *Griesedieck v. U.S.*, confidently asserting that the Missouri courts would approve the doctrine of substituted intent and holding that tax motivated inter vivos gifts were effective to take the assets given by the authority of the probate court out of the gross estate of the incompetent donor. See also *State ex rel Kemp v. Arnold*, 234 Mo.App. 154, 113 S.W.2d. 143 (Mo. banc 1938); *Citizens State Bank of Trenton v. Shanklin*, 174 Mo.App.

639, 161 S.W. 341 (1913) (indicating that the doctrine of substituted intent is recognized in Missouri law in the context of gifts to needy close relatives of an incompetent person).

■ We are of the opinion, however, that the probate judge ruled correctly in the case before us. The authorities relied on contain a demonstration either of an established pattern of giving, charitable or otherwise, or of a net benefit to the natural objects of the ward's bounty. Thus, in *duPont* and *Griesedieck*, the guardians were allowed to continue a pattern of giving to children and grandchildren so as to maintain the tax advantages of inter vivos gifts. Guardians and conservators have been allowed to continue an established pattern of gifts to churches and other charities on the reasonable assumption that the ward, if able to make a decision and adequately endowed, would want the established practice to continue. Personal representatives and the courts, however, should be careful in attributing presumed intent to a person who is incapable of making legal decisions, or to construct a general charitable intent without adequate foundation. This is especially the case when persons who are not before the court, and cannot adequately be brought into the case, may be adversely affected.

■ Here there is no established pattern of giving. It might be reasonable to believe that the ward, if assured that her own welfare were amply provided for, might be disposed to make charitable contributions, but this assumption would not be grounded in the record. If the ward leaves a valid last will the named beneficiaries are entitled to the provision she has made for them. It is for them rather than for the conservator or the court to determine whether they want to share their bounty.

If the wills are in favor of charities then income will accumulate and federal estate tax will not be charged. If the residuary legatees are charities the individual beneficiaries may decide whether they want to renounce all or part of their legacies. If no valid will is established the next-of-kin are entitled to the distributable assets and to decide whether any part may be devoted to charitable uses.

Any prior charitable gifts will simply reduce the amount available for distribution.

A conservator may be allowed to continue an established pattern, or take reasonable steps to maximize the after-tax estate, but there is no authority for the representative to initiate a course of action which depletes assets to which others may become entitled for the sole purpose of reducing the tax collector's share.

The judgment is affirmed.

CRAHAN, C.J., and RICHARD B. TEITELMAN, J., concur.